MURDOCK, Justice
(concurring specially).
I concur. I write separately to address a procedural issue and to explain my agreement with the main opinion as to the merits.

A. The Jury Charges

Because questions existed as to whether Daniel Ernest Hegarty, M.D., the physician defendant, held himself out as a specialist and whether the plaintiffs proffered expert was a “similarly situated health care provider,” the trial court gave instructions that allowed the jury to decide for itself whether it could consider the testimony of the plaintiffs expert witness. Both sides objected to this procedure. Understandably so.
It is fundamental that it is the task of the trial court, not the jury, to decide whether the testimony of a witness is admissible. A jury does not decide whether it may hear evidence; the trial court makes that decision. See Rule 104(a), Ala. R. Evid. (“Preliminary questions concerning the qualifications of a person to be a *952 witness ... or the admissibility of evidence shall be determined by the court.”); Star Freight, Inc. v. Sheffield, 587 So.2d 946, 956-57 (Ala.1991) (holding that the admissibility of evidence is a question of law for the trial court to decide).
A fortiori, it was not for the jury in this medical-malpractice case to decide for itself whether an expert witness proffered by one of the parties was competent under our legal standards to testify. Deciding whether the jury should have heard this testimony in the first place was a gate-keeping function peculiarly within the province of the trial court itself. If a factual question must be resolved for purposes of performing this gate-keeping function, then the trial court must resolve it. See, e.g., Medlin v. Crosby, 583 So.2d 1290 (Ala.1991) (discussing the standard to be applied by the trial court in deciding the competence of an expert witness in a medical-malpractice case).
Because the trial court allowed the jury to hear the testimony of the plaintiffs expert and then, having already heard that testimony, decide for itself whether it could consider that testimony, a legal error was committed. Normally, a new trial would be required. The disposition of this case made by the Court today, however, obviates the need for a remand and a new trial.

B. The Merits

In Medlin, Ex parte Waddail, 827 So.2d 789 (Ala.2001), and Holly v. Huntsville Hospital, 865 So.2d 1177 (Ala.2003), this Court appeared to treat the emergency-room practice of the physician defendant in each case as part of a discipline or school of practice beyond or different from the field of family practice in which the defendant was board-certified. See, e.g., Holly, 865 So.2d at 1186 (discussing the Court’s earlier holdings in Medlin and Waddail and stating that “[w]e held that, because the defendant doctor had been practicing outside his speciality in committing the alleged medical negligence, he was not a ‘specialist’ in the case then before us”). Based on my reading of these three eases, the manner in which the last sentence of § 6-5-548(e), Ala.Code 1975, is worded, and the fact that the legislature added the last sentence of subsection (e) to that statute soon after this Court’s decision in Olsen v. Rich, 657 So.2d 875, 880 (Ala.1995), I am compelled to concur in the main opinion.
If this were a matter of making a policy choice, one could question the strictness of the rule chosen by the legislature and argue that, in a case such as this, Dr. Gregory Banks, assuming he could tailor his testimony to the standard of care for a physician in the position of Dr. Hegarty, should be deemed competent to do so. This, however, is not the prescription for competence that has been written by our legislature. Having been presented no argument as to the constitutionality of this prescription — and assuming for the sake of this case that there is none — it is not our role to prescribe some different rule. See, e.g., Ex parte T.D.T., 745 So.2d 899, 904 (Ala.1999) (“[I]t is not the duty of this Court to question the wisdom, or the lack thereof, used by the Legislature in enacting the laws of this State.”); People v. McIntire, 461 Mich. 147, 159, 599 N.W.2d 102, 109 (1999) (“[A] legislature is free to make inefficacious or even unwise policy choices. The correction of these policy choices is not a judicial function as long as the legislative choices do not offend the constitution.”). I therefore must concur.